**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                         No. 98-4035

MANUEL RICHIEZ,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
N. Carlton Tilley, Jr., District Judge.
(CR-95-287)

Submitted: August 18, 1998

Decided: September 2, 1998

Before WILLIAMS, MICHAEL, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

David B. Smith, Greensboro, North Carolina, for Appellant. Walter
C. Holton, Jr., United States Attorney, Timika Shafeek, Assistant
United States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

A jury convicted Manuel Richiez of conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. § 846 (1994). He was sentenced to 235 months' imprisonment plus five years of supervised release. Richiez timely noted an appeal from the district court's order. Finding no error, we affirm.

Richiez contends that the district court abused its discretion when it admitted a cassette tape into evidence and published corresponding transcripts which contained conversations between himself and Government witness Joyce Williams. He contends that the Government failed to establish an adequate foundation for the admission of these pieces of evidence because the original tape recording was not before the court; rather, the tape was a composite that was made by the prosecutor.*

We review the district court's admission of tape recordings for an abuse of discretion. See United States v. Capers , 61 F.3d 1100, 1106 (4th Cir. 1995), cert. denied, 517 U.S. 1211 (1996). The district court also has the discretion to permit the jury to use a transcript as a guide in following the presentation of tape recorded evidence. See id. at 1107. The proponent of an audio tape bears the burden of establishing that the recording is authentic. See United States v. Branch, 970 F.2d 1368, 1371 (4th Cir. 1992). Under Fed. R. Evid. 901(b)(5), a tape recording can be authenticated if the proponent establishes the "identification of a voice, whether heard firsthand or through mechanical . . . recording, by opinion based upon hearing the voice at any time under circumstances connecting it with the alleged speaker." We will only find error when "the foundation for admission is clearly insufficient to insure the accuracy of the recording." Capers, 61 F.3d at 1106 (quoting United States v. Clark, 986 F.2d 65, 68 (4th Cir. 1993)).

_____

*The composite tape contained the conversations in their entirety; however, conversations between the witness and third parties were removed from the tape.

2

To authenticate the tape recording, the Government presented the testimony of four witnesses, including Joyce Williams, the person to whom Richiez was speaking on the tape recording, Randall Lamont Pharr, Richiez's co-defendant, Michelle Dones, one of Richiez's customers, and Wayne Kowalski, the Drug Enforcement Administration agent who arranged for the tape recordings. Each of the witnesses testified that the voice on the tape recording belonged to Richiez. Williams also testified that she bought a tape recorder to tape the conversations between herself and Richiez. She stated that the recorder accurately recorded the conversations and that she mailed the tapes to Kowalski, who sent back transcripts of the conversations. She testified that the transcripts were accurate, and that although she did not believe that the tape identified as Government's Exhibit 7 was the exact tape that she had made, she stated that the tape contained the same conversations that the original tape contained. In light of this testimony, we find that the foundation for admission to establish the accuracy of the recording was not clearly insufficient. See id. Accordingly, the district court did not abuse its discretion when it admitted the tape recordings into evidence and published the transcripts. See id. at 1106-07.

Richiez also contends that the district court should have departed downward under U.S. Sentencing Guidelines Manual § 5H1.4 (1997), because of his serious medical condition. Richiez states that he has kidney failure and must undergo dialysis three times per week. Thus, he contends that his imprisonment would essentially be a death sentence.

A district court's decision not to depart from the sentencing guidelines is not subject to appellate review unless the refusal to depart is based on the mistaken belief that the court lacked the authority to depart. See United States v. Bayerle, 898 F.2d 28, 30-31 (4th Cir. 1990). There is no evidence in this case that the court was mistaken as to its authority to depart from Richiez's guideline range; rather, it is clear that the sentencing judge was aware that he could grant a departure under appropriate circumstances. However, the judge found that Richiez's health problems were not extraordinary enough to warrant such action. See United States v. Jones, 18 F.3d 1145, 1147-48 (4th Cir. 1994). Thus, we will not review his decision not to depart downward.

3

Accordingly, we affirm Richiez's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>

4